UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

IN RE: ADMINISTRATIVE SUBPOENA ISSUED BY NATIONAL TRANSPORTATION SAFETY BOARD TO RHODE ISLAND HOSPITAL

Misc. Action No. 08-33S

**RHODE ISLAND HOSPITAL'S OBJECTION TO THE**
**UNITED STATES' MOTION TO COMPEL PRODUCTION**

Rhode Island Hospital ("RIH") hereby objects to the United States' Motion to Compel Production for the reasons set forth in the accompanying Memorandum in Support of Objection to Motion to Compel Production.

Rhode Island Hospital
By Its Attorneys,

/s/ Linn F. Freedman

Linn F. Freedman (#4778)
NIXON PEABODY LLP
One Citizens Plaza
Providence, RI 02903
Telephone: (401) 454-1108
Fax: (866) 807-6614
E-mail: lfreedman@nixonpeabody.com

Dated: April 28, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of April, 2008, I filed this Objection to Motion to Compel electronically with the Court and sent a true copy of said Objection to Motion to Compel by first-class mail to:

Milind M. Shah
Assistant United States Attorney
U.S. Department of Justice
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

/s/ Linn F. Freedman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

IN RE: ADMINISTRATIVE SUBPOENA ISSUED BY NATIONAL TRANSPORTATION SAFETY BOARD TO RHODE ISLAND HOSPITAL

Misc. Action No. 08-33S

**MEMORANDUM IN SUPPORT OF RHODE ISLAND HOSPITAL'S OBJECTION TO THE UNITED STATES' MOTION TO COMPEL PRODUCTION**

Now comes Rhode Island Hospital ("RIH") and objects to the United States' Motion to Compel Production and seeks a protective order from this Court relating to certain health care information sought in this matter. (Please see attached Exhibit "A"). In support of this objection, RIH states that the blood specimens sought are subject to protection by state and federal law. In further support of the Objection, RIH relies upon the argument set forth below.

**ARGUMENT**

**A. The Information Sought is Confidential and Privileged.**

The Confidentiality of Health Care Communications and Information Act (the "Act"), R.I. Gen. Laws § 5-37.3-1 et seq., generally bars the disclosure of a patient's confidential health care information without the patient's written consent. The Act also subjects violators to both actual and punitive damages, as well as criminal penalties. R.I. Gen. Laws § 5-37.3-4 (a)(1)-(3). Accordingly, persons seeking information protected by the Act must follow the specific procedures set forth in § 5-37.3-6.1.

The information protected by the Act includes "all information relating to a patient's health care history, diagnosis, condition, treatment or evaluation obtained from a health care provider who has treated the patient." R.I. Gen. Laws § 5-37.3-3 (3)(ii). This definition clearly

includes blood specimens or samples. The word "treated" is not specifically defined. Any relationship with a health care provider may constitute treatment as contemplated by the Act.

It is disingenuous of the United States to argue that blood specimens do not qualify as health care information. Blood specimens clearly fall within the definition of health care information protected by the Act as the blood specimens are information that may lead to a "diagnosis, condition, treatment or evaluation" of a patient.

The Act establishes a presumption in favor of privacy. With regard to the adjudication of an objection to the production of records, the Act requires that " the requesting party must demonstrate that there is reasonable grounds to believe the information being sought is relevant to the proceedings, and the need for the information clearly outweighs the privacy interest of the individual." R.I. Gen. Laws § 5-37.3-6.1 (d) (emphasis added). To that end, the Court is directed to consider: 1) the particular purpose for which the information was collected; 2) the individual's reasonable expectation of privacy in the information; 3) the degree to which disclosure of the information would embarrass, injure, or invade the privacy of the individual; 4) the effect of the disclosure on the individual's future health care; 5) the importance of the information to the lawsuit or proceeding; and 6) whether the information is available from other sources. R.I. Gen. Laws § 5-37.3-6.1 (e).

While there are certain statutory exceptions to the general rule barring disclosure of records, those exceptions are inapplicable when the records contain evidence regarding the use of drugs and alcohol, evidence of testing and/or results of testing for HIV, genetic testing, sexually transmitted diseases and mental health treatment. The aforementioned information may only be released by court order in accordance with the applicable rules of civil procedure. The

information sought here involves such privileged, sensitive records, and therefore, only an ***in camera*** review will adequately protect the interests of the patients and Rhode Island Hospital.

The provisions of the Act should be applied in the instant matter even though it has been brought in federal court to protect the confidentiality of medical records of the citizens of Rhode Island. Specifically, as discussed further in Section C below, the Health Information Portability and Accessibility Act ("HIPAA") does not pre-empt more stringent State law provisions relating to the privacy of individually identifiable health information. 42 C.F.R. 160.203(b). Also, a "strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy." Memorial Hospital for McHenry County v. Shadur, 664 F.2d 1058, 1061 (7th Cir. 1981).

RIH advised the National Transportation Safety Board ("NTSB") that it would provide the specimens requested if the NTSB obtained patient consent and authorization for the disclosure of such specimens. No authorization has been provided by the patients for the disclosure.

**B. The Administrative Subpoena is Procedurally Defective.**

Further, the United States, particularly, the NTSB has not certified to RIH that it followed the requirements of the Act in providing 20 days' notice to the patients to allow the patients to object to the disclosure of the patients' records to NTSB. Rhode Island General Laws § 5-37.3-6.1 specifically states that a health care provider or custodian of health care information may only disclose confidential health care information in a judicial proceeding if the custodian has been provided written certification by the party issuing the subpoena that it has given the patient 20 days' notice to object to and/or challenge the subpoena and/or disclosure of confidential

health information. The NTSB has not complied with the Act as it has not certified to RIH that it provided such notice to the patients prior to issuing the subpoena. Accordingly, the subpoena is procedurally defective and should not be enforced.

**C. Federal Law Also Protects the Information Sought**

The blood specimens requested are also protected by HIPAA and its corresponding regulations. For example, 42 C.F.R. 164.512 allows disclosure of protected health information only in certain circumstances. Although this includes exceptions for subpoenas and for law enforcement purposes, these exceptions are not unconditional. The exception for judicial proceedings is set forth below:

> *"(e) Standard: Disclosures for judicial and administrative proceedings.*
>
> *(1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:*
>
> *(i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; or*
>
> *(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:*
>
> *(A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or*
>
> *(B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.*
>
> *(iii) For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protecting health information if the covered entity receives from such party a written statement and accompanying documentation demonstrating that:*

*(A) The party requesting such information has made a good faith attempt to provide written notice to the individual (or, if the individual's location is unknown, to mail a notice to the individual's last known address);*

*(B) The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and*

*(C) The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:*

*(1) No objections were filed; or*

*(2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.*

*(iv) For the purposes of paragraph (e)(1)(ii)(B) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information, if the covered entity receives from such party a written statement and accompanying documentation demonstrating that:*

*(A) The parties to the dispute giving rise to the request for information have agreed to a qualified protective order and have presented it to the court or administrative tribunal*

*(B) The party seeking the protected health information has requested a qualified protective order from such court or administrative tribunal.*

*(v) For purposes of paragraph (e)(1) of this section, a qualified protective order means, with respect to protected health information requested under paragraph (e)(1)(ii) of this section, an order of a court or of an administrative tribunal or a stipulation by the parties to the litigation or administrative proceeding that:*

*(A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and*

*(B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.*

*(vi) Notwithstanding paragraph (e)(1)(ii) of this section, a covered entity may disclose protected health information in response to lawful process described in paragraph (e)(1)(ii) of this section without receiving satisfactory assurance under paragraph (e)(1)(ii)(A) or (B) of this section, if the covered entity makes reasonable efforts to provide notice to the individual sufficient to*

*meet the requirements of paragraph (e)(1)(iii) of this section or to seek a qualified protective order sufficient to meet the requirements of paragraph (e)(1)(iv) of this section.*

*(2) Other uses and disclosures under this section. The provisions of this paragraph do not supersede other provisions of this section that otherwise permit or restrict uses or disclosures of protected health information."*

In this instance, no "satisfactory assurances" of notice to the patients or of a protective order have been provided to Rhode Island Hospital. Below is the relevant portion of exception for disclosure for law enforcement purposes:

*"(f) Standard: Disclosures for law enforcement purposes. A covered entity may disclose protected health information for a law enforcement purpose to a law enforcement official if the conditions in paragraphs (f)(1) through (f)(6) of this section are met, as applicable.*

*(1) Permitted disclosures: Pursuant to process and as otherwise required by law. A covered entity may disclose protected health information:*

*(i) As required by law including laws that require the reporting of certain types of wounds or other physical injuries, except for laws subject to paragraph (b)(1)(ii) or (c)(1)(i) of this section; or*

*(ii) In compliance with and as limited by the relevant requirements of:*

*(A) A court order or court-ordered warrant, or a subpoena or summons issued by a judicial officer;*

*(B) A grand jury subpoena; or*

*(C) An administrative request, including an administrative subpoena or summons, a civil or an authorized investigative demand, or similar process authorized under law, provided that:*

*(1) The information sought is relevant and material to a legitimate law enforcement inquiry;*

*(2) The request is specific and limited in scope to the extent reasonably practicable in light of the purpose for which the information is sought; and*

*(3) De-identified information could not reasonably be used.*

*(2) Permitted disclosures: Limited information for identification and location purposes. Except for disclosures required by law as permitted by*

*paragraph (f)(1) of this section, a covered entity may disclose protected health information in response to a law enforcement official's request for such information for the purpose of identifying or locating a suspect, fugitive, material witness, or missing person, provided that:*

*(i) The covered entity may disclose only the following information:*

*(A) Name and address;*
*(B) Date and place of birth;*
*(C) Social security number;*
*(D) ABO blood type and rh factor;*
*(E) Type of injury;*
*(F) Date and time of treatment;*
*(G) Date and time of death, if applicable; and*
*(H) A description of distinguishing physical characteristics, including height, weight, gender, race, hair and eye color, presence or absence of facial hair (beard or moustache), scars, and tattoos.*

*(ii) Except as permitted by paragraph (f)(2)(i) of this section, the covered entity may not disclose for the purposes of identification or location under paragraph (f)(2) of this section any protected health information related to the individual's DNA or DNA analysis, dental records, or typing, samples or analysis of body fluids or tissue.*

*(3) Permitted disclosure: Victims of a crime. Except for disclosures required by law as permitted by paragraph (f)(1) of this section, a covered entity may disclose protected health information in response to a law enforcement official's request for such information about an individual who is or is suspected to be a victim of a crime, other than disclosures that are subject to paragraph (b) or (c) of this section, if:*

*(i) The individual agrees to the disclosure; or*

*(ii) The covered entity is unable to obtain the individual's agreement because of incapacity or other emergency circumstance, provided that:*

*(A) The law enforcement official represents that such information is needed to determine whether a violation of law by a person other than the victim has occurred, and such information is not intended to be used against the victim;*

*(B) The law enforcement official represents that immediate law enforcement activity that depends upon the disclosure would be materially and adversely affected by waiting until the individual is able to agree to the disclosure; and*

*(C) The disclosure is in the best interests of the individual as determined by the covered entity, in the exercise of professional judgment."*

RIH does not have the ability to determine if the circumstance required by these provisions exist. RIH does contend that Section (f)(2)(ii) applies in this instance and that such prohibits it from disclosing the blood samples or specimens without a Court Order.

HIPAA requires that NTSB provide Notice to the patients that it is seeking disclosure of the blood specimens. Further, HIPAA precludes disclosure of "typing, samples or analysis of body fluids or tissue." Even so, state law, which is more stringent than HIPAA[1], and therefore, applicable, precludes disclosure of the blood samples.

**Conclusion**

In the instant case, the information requested in the subpoena may not be provided to the NTSB without an authorization from the patients. The patients have not provided RIH with an authorization form for the release of the requested specimens. In addition, the NTSB has not provided RIH with certification that the patients have been given 20 days' notice to object to the disclosure pursuant to the Act or HIPAA.

Accordingly, for the foregoing reasons, Rhode Island Hospital respectfully requests that the Court deny the United States' Motion to Compel.

Rhode Island Hospital
By Its Attorneys,

/s/ Linn F. Freedman
Linn F. Freedman (#4778)
NIXON PEABODY LLP
One Citizens Plaza
Providence, RI 02903
Telephone: (401) 454-1108
Fax: (866) 807-6614
E-mail: lfreedman@nixonpeabody.com

Dated: April 28, 2008

1 See 45 C.F.R. § 160.203(b) and 45 C.F.R. § 160.202 and *National Abortion Federation v. Ashcroft*, 2004 WL 292079 (N.D. Ill. 2004), ***aff'd*** 362 F. 3d 923 (7th Cir. Ill. 2004).

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of April, 2008, I filed this Memorandum in Support of Rhode Island Hospital's Objection to the United States' Motion to Compel electronically with the Court and sent a true copy of said Memorandum by first-class mail to:

Milind M. Shah
Assistant United States Attorney
U.S. Department of Justice
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

/s/ Linn F. Freedman