UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| IN RE: ADMINISTRATIVE | : | |
| SUBPOENA ISSUED BY NATIONAL | : | |
| TRANSPORTATION | : | MC 08-33 S |
| SAFETY BOARD TO | : | |
| RHODE ISLAND HOSPITAL | : | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION TO COMPEL PRODUCTION**

Rhode Island Hospital (the "Hospital") hereby supplements its Memorandum In Support of Objection to Motion to Compel.

During the hearing of the Motion to Compel and Objection thereto, this Court requested that counsel provide any additional case law applicable to the arguments in question. This humbled officer of the Court admits that the task was more challenging than anticipated. The two issues in question include: (1) whether or not blood samples are considered "protected healthcare information" ("PHI") pursuant to the Health Insurance Portability and Accountability Act of 1966 ("HIPAA") and the Confidentiality of Health Care Information Act of the State of Rhode Island, ("The Act") (R.I.G.L. § 5-37.3-4); and (2) whether or not the Act is applicable to a subpoena issued to the Hospital by a Federal agency.

**<u>Are blood samples "protected health care information" (PHI)?</u>**

The National Transportation Safety Board ("NTSB") is requesting blood samples of two Amtrak employees involved in an accident in Providence, Rhode Island. The blood samples obviously contain personal identifying information, particularly the name of the patient. In addition, information can be obtained from the blood sample when it is tested by the NTSB

laboratory. This information includes HIV status, genetic testing, blood and alcohol content, CBC information, and DNA, among other information. Although NTSB has not requested the laboratory reports from the Hospital, it is clear from the Government's argument that the Government intends to test the blood samples for, at a minimum, blood alcohol and drug content.

Obviously, laboratory reports are considered medical records and PHI pursuant to HIPAA and state law. In addition, Rhode Island has enacted specific statutes relating to the privacy and confidentiality of information obtained from blood tests, including genetic testing and HIV testing. (R.I.G.L. § 23-6-12 (HIV) and R.I.G.L. § 27-41-23 (genetic testing)).

The Government has indicated that it will test the blood specimens if the specimens are produced by the Hospital. Clearly, the information obtained from the blood specimens, and depending upon what testing the Government performs, sensitive PHI can be determined from the blood samples. The results of the testing, i.e. the lab results, is "information" that is protected by both HIPAA and the Act. Accordingly, the Hospital continues to maintain that the blood samples themselves and the information derived from the testing of the blood samples is considered health care information that is protected by state and federal law.

**Do the privacy protections contained in the Act apply**
**<u>to a subpoena issued to the Hospital by a federal agency?</u>**

As previously outlined in the Hospital's Objection to the Motion to Compel, HIPAA specifies that when state law privacy protections are more stringent than HIPAA, then state law should be applied and followed. Rhode Island law is more stringent than HIPAA with respect to the privacy protection of information obtained from blood samples, including HIV testing and genetic testing. The government has not indicated to this Court the nature and type of testing that the laboratory will perform upon the blood samples. The Hospital has no independent knowledge of the testing that will be performed upon the blood by the Government. Pursuant to

the Act, the Hospital is subject to limitations on disclosure of the information and is subject to liability if it discloses the information without patient authorization or a Court Order.

The practical aspect of this case is that the Hospital received a subpoena requesting blood samples of two of its patients without any indication of what testing will be performed upon the blood samples. The Hospital does not have a Court Order or a patient authorization in its possession in order to produce the blood samples to the Government. Case law indicates that when a Federal Court is reviewing a Motion to Quash a subpoena based upon state law provisions, the Court is to determine whether or not the issues involved are relevant to federal or state law, including whether or not a federal question is present or diversity jurisdiction applies. Federal courts are to recognize state privileges "where this can be accomplished at no substantial cost to Federal substantive and procedural policy." *Northwestern Memorial Hospital v. Ashcroft, 362 F.3d 923 (7th Cir. 2004)*; *Memorial Hospital for McHenry County v. Shadur, 664 F.2d 1058 (7th Cir. 1981)*. In *Kalinoski v. Evans, 377 F.Supp.2d 136 (D.C. Cir. 2005)*, the Court stated that "while the State standards for privilege are most often not followed in a case with mixed federal and state claims, they are not completely disregarded either." (See cases attached hereto at Tab A.)

The practical consequences of making a determination of whether or not federal or state applies to a particular case after it reaches litigation cannot govern the day-to-day operations of a Hospital that receives multiple subpoenas (federal and state) on a daily basis. The Hospital cannot make a determination of whether or not federal or state law applies to the issues involved in the subpoena request, but is obligated to follow federal and state privacy laws with respect to disclosure of the information it has in its possession concerning patients. The Hospital is required to abide by the privacy standards of HIPAA and the Act and it would be onerous and

burdensome to the Hospital to require it to make a determination of whether or not federal or state applies to each subpoena prior to determining whether or not it will produce the requested documents.

In this particular instance, the Hospital, when it received the subpoena from NTSB, had no idea what testing would be performed upon the blood samples. Accordingly, pursuant to privacy protections of state law, the Hospital must require patient authorization and/or a Court Order for disclosure of the blood.

As stated during the hearing, the Hospital will abide by the Order of this Court, and gratefully anticipates guidance from the Court on this issue.

Respectfully submitted,

Rhode Island Hospital
By Its Attorney,

/s/ Linn F. Freedman

Linn F. Freedman (#4778)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Telephone: (401) 454-1108
Fax: (866) 807-6614
E-mail: lfreedman@nixonpeabody.com

Dated: May 23, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of May, 2008, I filed this Supplemental Memorandum In Objection To Motion To Compel Production electronically with the Court and sent a true copy of said Supplemental Memorandum In Objection To Motion To Compel Production by first-class mail to:

Miland M. Shah
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
milind.shah@usdoj.gov

/s/ Linn F. Freedman

# EXHIBIT A